## STEARNS, Assignee v WHITED et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11307. Decided April 8, 1931

Burgert & Stearns, Cleveland, for Stearns.
Mark A. Copeland, Cleveland, for Whited et.

LEVINE, PJ.

Counsel for assignee in his brief contends that since this set-off is in the nature of an equitable set-off, that the circumstances surrounding the entire transaction should be scrutinized, and that upon scrutiny it would seem inequitable that M. R. Whited and S. L. Kresge should be allowed to off set the respective sums due to them from The Titan Machine and Manufacturing Company against the debt which they respectively owed to The Titan Machine and Manufacturing Company. We must not, however, lose sight of the fact that M. R. Whited and S. L. Kresge were endorsers and guarantors upon the note executed by The Titan Machine and Manufacturing Company to The Midland Bank, in the sum

of $3550. Both men may be regarded as debtors to The Midland Bank upon their endorsement and guarantee. When they executed their note to The Midland Bank in payment of the note executed by The Titan Machine and Manufacturing Company to said bank, and upon which they appeared as endorsers or guarantors, they, to all intents and purposes, took the place of the bank, and there was for that reason established the relation of debtor and creditor between them and The Titan Machine and Manufacturing Company, to the extent of the amount of their indebtedness upon the note which they executed to The Midland Bank.

We are of the opinion that the following cases cited by the attorney for M. R. Whited and S. L. Kresge, are applicable to the present dispute:

"A bank having a deposit, subject to check, from an insolvent depositor who is also indebted to the bank, may apply and set-off that deposit against the indebtedness of such insolvent debtor of the bank, although the same is not yet due."

**German-American Savings Bank Co. v Grossman, 15 Ohio Circuit Court, 378.**

The first paragraph of the syllabus of **Armstrong v Warner, 49 Oh St, page 376,** reads as follows:

"When the holder of a claim not yet due, arising upon contract, becomes insolvent and transfers the same before maturity, and the debtor, at the time of the transfer holds a similar claim then due against the assignor, his right of set-off is preserved against the assignee, when the latter's cause of action arises. And a surety on the obligation so transferred, may enforce the set-off for his own protection, if the principal debtor be insolvent. The rule does not apply where the thing transferred is commercial paper and the assignee becomes the bona fide holder thereof for value."

In the opinion the following pertinent language is used in support of the proposition laid down in the syallabus:

"The remedy of set-off has been much enlarged in equity, and is there administered in cases where, under the strict rules of law, it would not be available. Thus, at law a joint demand cannot be set-off against a several one, nor a several demand against a joint one, but equity adopts a different rule where, on account of the insolvency of one of the parties, the other is in danger of losing his claim; and generally equity will enforce the right of set-off by decreeing the compensation of mutual demands so far as they equal each other, where they have grown out of the same or connected transactions, or the one has formed in whole or in part, the consideration of the other and the party against whom the set-off is asserted is insolvent."

Upon a perusal of the agreed statement of facts we conclude that the transaction had between The Midland Bank, M. R. Whited and S. L. Kresge, was bona fide and legitimate; that they acquired ownership of the note executed by The Titan Machine and Manufacturing Company to The Midland Bank when upon request and demand of the bank they executed their own note in payment of same; that to all intents and purposes they are regarded in law as creditors of The Titan Machine and Manufacturing Company to the extent of its indebtedness to The Midland Bank which M. R. Whited and S. L. Kresge paid.

For these reasons the propositions laid down in the cases above cited are fully applicable. We are of the opinion that the court of insolvency was correct in its conclusion.

Judgment affirmed.

WEYGANDT, J, concurs.
VICKERY, J, not participating.